**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ROBERT GRIFFIN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-09-307-F |
| ) | |
| **PAUL A. KASTNER,** ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

Petitioner Robert Griffin, a federal prisoner currently confined at the Oklahoma City Federal Transfer Center (FTC) and appearing *pro se*, has filed an action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a motion to which Petitioner has not responded. *See* Respondent's Motion to Dismiss (Motion) [Doc. No. 13]. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, the undersigned recommends that Respondent's Motion be granted and the petition dismissed as moot.

**I.   Background**

Petitioner challenges the validity of a regulation promulgated by the Bureau of Prisons (BOP) in 2000. Commonly know as the "categorical exclusion rule," the regulation excluded all inmates convicted of offenses involving the carrying, possession, or use of a firearm from eligibility for sentence reduction under 18 U.S.C. § 3621(e). Pursuant to this statute an inmate convicted of a "nonviolent crime," who successfully completes a residential substance abuse program, becomes eligible for sentence reduction of up to one year. *Id*. at

(e)(2)(A)(B).[1] The BOP interpreted the statute in its regulation and determined that a crime involving the carrying, possession, or use of a firearm does not qualify as "nonviolent."

Relying on *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), Petitioner contends that the BOP violated the Administrative Procedure Act (APA) by failing to articulate a sufficient rationale in the administrative record to support its categorical exclusion policy. *See Arrington* at 1116.[2] Following the Ninth Circuit's decision in *Arrington*, however, the BOP promulgated a new categorical exclusion rule, which went into effect shortly before Petitioner filed this action.[3]

## II. Analysis

In his Motion to Dismiss Respondent contends that this action is moot because the challenged regulation is obsolete and will never be applied to determine Petitioner's eligibility for early release. The undersigned agrees.

This Court has no subject matter jurisdiction over a cause if it is moot. *See Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1224 (10th Cir. 2009). "Constitutional mootness doctrine is grounded in the Article III requirement that federal courts may only

---

[1]Whether to grant an inmate early release was left to the discretion of the BOP.

[2]In *Arrington*, the Ninth Circuit Court of Appeals held that the BOP's categorical exclusion rule, which became effective in 2000, was arbitrary and capricious because the BOP failed to articulate a rationale for its categorical exclusion of a class of nonviolent offenders from eligibility for early release. *Id*. at 1116.

[3]*See* Rules and Regulations, Department of Justice, Bureau of Prisons - Drug Abuse Treatment Program: Subpart Revision and Clarification and Eligibility of D.C. Code Felony Offenders for Early Release Consideration, 74 FR 1892-01, 2009 WL 76657, et seq. (eff. March 16, 2009); 28 CRF § 550.55 (2009).

decide actual, ongoing cases or controversies." *Seneca-Cayuga Tribe of Oklahoma v. National Indian Gaming Commission*, 327 F.3d 1019, 1028 (10th Cir. 2003) (internal quotations and alteration omitted).

"[M]ootness is a threshold inquiry." *Green v. Haskell County Board of Commissioners*, 568 F.3d 784, 794 (10th Cir. 2009) (*citing Navani v. Shahani*, 496 F.3d 1121, 1127 (10th Cir. 2007); *Citizens for Responsible Government State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (noting that "the court must determine whether a case is moot before proceeding to the merits")). "In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world." *Id.* (internal quotations and citations omitted). A court's inability to grant effective relief renders an issue moot. *See Phelps v. Hamilton*, 122 F.3d 885, 891 (10th Cir. 1997).

In this case, Petitioner is challenging the BOP regulation which went into effect in 2000 but became obsolete when a new regulation went into effect in 2009. The obsolete regulation is no longer applicable to a determination of Petitioner's eligibility for early release. As a result, if this Court were to find the previous rule invalid, such result would not affect Petitioner's eligibility for the program or early release. It is therefore recommended that Respondent's Motion to Dismiss be granted on the grounds that Petitioner's action is moot. *See Wyoming v. United States Department of Agriculture*, 414 F.3d 1207, 1212 (10th Cir. 2005) (finding Forest Service's adoption of new rule rendered constitutionally moot

appeal challenging injunction by district court barring enforcement of old rule, necessitating dismissal of appeal for lack of jurisdiction).

## **RECOMMENDATION**

It is recommended that the Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be dismissed as moot. Petitioner is advised of his right to object to the Report and Recommendation. *See* 28 U.S.C. § 636. Any objections should be filed with the Clerk of this Court by September 23, 2009. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 3rd day of September, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE